IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. WR-79,776-01, -02 & -03




EX PARTE COURTNEY ADAM WATTS, Applicant




ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
CAUSE NOS. 1236670D, 1236671D & 1236802D 
IN CRIMINAL DISTRICT COURT NUMBER TWO
FROM TARRANT COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession
of marihuana and possession of alprazolam and hydrocodone with the intent to deliver. He was
sentenced to eight years’ imprisonment on each count. He did not appeal his convictions.
            Applicant contends, among other things, that counsel failed to advise him that he could
appeal his convictions. On July 24, 2013, we remanded these applications and directed the trial court
to determine whether Applicant’s waivers of appeal were valid, counsel’s conduct was deficient, and
his deficient conduct rendered Applicant’s pleas involuntary. On remand, the trial court concluded
that Applicant’s waivers were invalid and counsel’s conduct was deficient, but it did not determine
whether counsel’s conduct rendered Applicant’s pleas involuntary. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make further findings of fact and conclusions of law as to whether, but
for counsel’s deficient conduct, Applicant would not have pleaded guilty and would have insisted
on a trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant’s claim for habeas corpus relief.
            These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 60 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 90 days of the date of this order. Any extensions of time shall be
obtained from this Court. 
 
Filed: January 15, 2014
Do not publish